KATE KLEIN v. ELLIS B. GREGG, GUARD. ET AL.

FAILURE OF CONSIDERATION FOR WIFE'S RELEASE OF INTEREST IN HUS-
BAND'S LANDS NOT GROUND FOR RESCISSION.

Failure of consideration for a wife's release of interest in her
husband's lands is not ground for setting aside deeds thereof;
inadequacy of consideration at time deeds were executed, her
reliance upon misrepresentation, mutual mistake, fraud or
undue influence must be averred to effect rescission.

*W. A. Hicks,* for plaintiff.

*E. B. Gregg,* for defendants.

**GIFFEN, J.**

The failure of the plan or design of David Klein in execut-
ing and delivering the deeds in question to provide a home and
support for his wife and children after his death is no legal
ground for setting aside such deeds, unless such plan or design
was disclosed to the plaintiff and induced her to part with her
interest in the property. The statement that ''she would be
taken care of and be amply provided for under said deeds''
is not a representation of an existing fact, nor of the legal
effect of such deeds, but a mere opinion of her future wants as
well as those of the children, and the sufficiency of the means
provided. Her real complaint is, not that the property con-
veyed is insufficient of itself to provide a home and support for
herself and his children, but that they do not receive what the
deeds purport to convey, to wit, a clear and unincumbered
title. One conveyance is made subject expressly to a mortgage
of $3,000, and there is no allegation in the second amended
petition that he promised or represented to her that he would
pay or cause to be paid such mortgage.

The other conveyance contained a covenant of warranty
that the property is clear and unincumbered, and plaintiff
avers that her husband represented to her at the time the deed
was executed that the $2,500 mortgage was satisfied and no

46 O. C. C. Vol. 32.

Hamilton County.

longer a lien on said property, whereas in fact it was unsatisfied of record; but she nowhere avers that such representations were relied upon by her. *Aetna Ins. Co.* v. *Reed,* 33 Ohio St. 283.

There is no pretense that the misrepresentation was intentionally made, and if it be treated as a mistake there is no averment that it was mutual.

While the pleading contains the averment that "the consideration upon which she released her rights in said property has wholly failed, and if said deeds are permitted to stand she will receive no part of the consideration upon which such release was founded and intended for her by her husband," yet there is no averment that the consideration was wholly inadequate at the time the deed was executed, September 19, 1901. The presumption would rather be that it was adequate, else she would have begun her action long ago.

Her right of action depends upon the failure to receive what her husband intended she should receive, although not expressed in the deed, but upon fraud, mistake or undue influence.

There was no intentional misrepresentation of fact, nor undue influence, and the only apparent ground for rescission is mistake, which, to be available, must be mutual. If the facts warrant, the plaintiff may amend accordingly.

Demurrer sustained.

**Smith** and **Swing, JJ.,** concur.